*BLANCO *v.* HERNÁNDEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 791.—Resuelto en junio 26, 1912

INJUNCTION PRELIMINAR—APELACIÓN—INJUNCTION PERPETUO.—Cuando un *in-
junction* preliminar se convierte en perpétuo en virtud de una orden posterior,
esta última orden pone término al *injunction* preliminar, el cuál queda com-
prendido dentro del perpetuo, y habiendo sido apeladas ambas órdenes, es
innecesario considerar aisladamente la apelación contra la orden decretando
el *injunction* preliminar.

TERCEROS—VENTA DE FINCA EN PAGO DE CONTRIBUCIONES—EMBARGO DE LA
MISMA FINCA POR UN TERCERO—TÍTULO PRIMERAMENTE INSCRITO EN EL RE-
GISTRO.—La finca objeto de este pleito pertenecía en proindiviso según el
registro de la propiedad a ''A,'' ''B,'' y ''C.'' Habiendo sido vendida la
totalidad de la finca en pública subasta en pago de contribuciones, la de-
mandante ''D'' adquirió en pública subasta la totalidad de la finca, dejando
pasar unos tres años sin inscribir en el registro el certificado de compra
que le expidió el colector de rentas internas. Antes de que presentara dicho
certificado de venta en el registro, el demandado ''E'' anotó en el registro
un embargo sobre el condominio de ''C,'' para asegurar la efectividad de
la sentencia en un pleito que había promovido contra ''C.'' Dictada sen-
tencia en este pleito ''E'' remató en pública subasta dicho condominio y
presentó en el registro para su inscripción, la escritura de adjudicación que
le fué otorgada por el márshal de una corte municipal, cuya escritura fué
anotada preventivamente y dicha anotación se convirtió más tarde en la
inscripción definitiva. No consta claramente que ''E'' tuviera conocimiento
de que ''D'' había adquirido la finca en litigio en la subasta celebrada en
pago de contribuciones. *Se resolvió* que el demandado ''E'' es un tercero de
buena fe con respecto al condominio de ''C'' que adquirió sin tener conoci-
miento del remate efectuado en pago de contribuciones, y que inscribió su
derecho en el registro antes de que la demandante ''D'' inscribiera el certifi-
cado de venta que obtuvo en virtud del remate en pago de contribuciones.

ID.—FINCA VENDIDA EN PAGO DE CONTRIBUCIONES.—Con respecto a los otros dos
condominios de la finca en litigio correspondientes a ''A'' y ''B'' y adqui-
ridos, según se ha expresado en el párrafo anterior, por ''D,'' al adquirir la
totalidad de la finca en el remate celebrado en pago de contribuciones, *se*

---

* La resolución dictada en este caso en octubre 14, 1912, sobre reconsideración,
se inserta a continuación de la presente. Página 724.

resolvió que dichos dos condominios corresponden a la demandante ''D'' y que el demandado ''E'' no puede invocar el carácter de tercero con respecto a ellos, porque el título de la demandante fué anotado en el registro de la propiedad con anterioridad a la anotación de la compra hecha por el demandado, y porque éste sabía además que dichos bienes no pertenecían a su deudor, pues para esa fecha había sido emplazado en un pleito sobre tercería promovido por el demandante y tenía conocimiento expreso del hecho de la venta en pública subasta para el cobro de contribuciones.

ID.—INTERPRETACIÓN DE LA LEY HIPOTECARIA.—No deben interpretarse los preceptos de la ley hipotecaria de tal modo que garanticen supuestos derechos, adquiridos a sabiendas de que en realidad de verdad no existían y sólo figuraban en los libros del registro. La ley favorece y garantiza al tercero inocente, pero no puede favorecer y garantizar al que adquiere a sabiendas, sin lugar a dudas de ningún género, de que aquel de quien deriva su derecho, no es el dueño, como sucede en el presente caso.

ID.—CONOCIMIENTO DE LA ENAJENACIÓN DE UN INMUEBLE—INTERVENCIÓN EN EL CONTRATO.—Con arreglo a la Ley Hipotecaria no puede considerarse como tercero al que si bien no intervino en el acto o contrato, tuvo perfecto conocimiento de él y de acuerdo con esta doctrina no tiene el carácter de tercero el que contrata un préstamo con hipoteca sobre un inmueble, a sabiendas de que ha sido anteriormente enajenado por el mismo que con él contrató, aún cuando esto no aparezca del registro, siempre que dicho conocimiento se haya revelado en actos propios del adquiriente, o en hechos que demuestren claramente tal conocimiento.

ID.—CONOCIMIENTO DE LAS CARGAS DE UNA FINCA.—La persona que invoca el carácter de tercero si se prueba que sabe las cargas que pesan sobre una finca, pierde el privilegio de tercero.

ID.—HIPOTECA PREFERENTE—CONTRIBUCIONES—EXTINCIÓN DE HIPOTECAS.—La hipoteca del Pueblo de Puerto Rico para el cobro de las contribuciones es preferente, y vendida una finca que está afecta a otras hipotecas en pública subasta para el cobro de contribuciones, y transcurrido el término fijado por la ley para la redención sin que el acreedor hipotecario ejercitara su derecho, quedan las demás hipotecas extinguidas.

COSTAS—FACULTAD DISCRECIONAL DEL TRIBUNAL SENTENCIADOR.—No demostrándose que el tribunal sentenciador ha cometido abuso de su facultad discrecional al imponer las costas, debe confirmarse su resolución sobre este particular.

ID.—IMPUGNACIÓN DEL MEMORANDUM DE COSTAS—CONTESTACIÓN ESCRITA A LA IMPUGNACIÓN.—Se resolvió en el caso de autos que el hecho de que el demandante, no contestara por escrito la impugnación del demandado al memorandum de costas, atendidas las circunstancias del caso, no es suficiente por sí solo para concluir que el demandante aceptó como bien fundado el dicho memorandum del demandado.

Los hechos están expresados en la opinión.

Abogado del demandante: Sr. José Benet.

El demandado y apelante Agustín Hernández Mena, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En el presente caso se han establecido cinco apelaciones, teniendo todas por base la misma transcripción y habiéndose celebrado la vista de todas en un solo acto. El demandado Hernández Mena apeló: 1°., de la orden de la corte de 11 de noviembre de 1910 negándose a dejar sin efecto cierta orden de entredicho previamente dictada; 2°., de la orden de 15 de diciembre de 1910 decretando un *injunction* preliminar; 3°., de parte de la sentencia de 25 de febrero de 1911, y 4°., de la orden de marzo 16, 1911, aprobando el memorándum de costas. Y la demandante Alejandrina Blanco apeló de parte de la sentencia de 25 de febrero de 1911.

No es necesario que consideremos aisladamente las apelaciones relativas al *injunction* preliminar, ya que por uno de los pronunciamientos de la sentencia apelada el *injunction* preliminar se hizo perpetuo, y, según la jurisprudencia establecida en el caso de *Gage v. Parker,* 178 Ill., 455, una orden haciendo perpetuo un *injunction* temporal pone término a éste, que queda comprendido dentro del perpetuo. Al considerar las apelaciones de ambas partes interpuestas contra la sentencia, estudiaremos y resolveremos las cuestiones esenciales envueltas en el litigio, y, por último, decidiremos lo que proceda con respecto al memorándum de costas.

La sentencia dictada en este caso se basa en los siguientes *hechos probados* declarados por el juez sentenciador y que se han incluído en la transcripción de los autos:

I. Con anterioridad al año 1907, Manuel Arán, Clotilde Arán, conocida también por Agripina o Crispina, e Inocencia Cuascú, eran dueños de la siguiente finca: "Estancia dedicada a café, guineos y pasto con casa habitación, molino, glacis, casa almacén, etc., radicada en el barrio de Indiera Baja de la municipalidad de Maricao, compuesta de 130 cuerdas de terreno, dividida por el río Guaba, y lindando al norte con el camino que conduce a las Indieras; sud con Damiani Hermanos, antes Remigio Puigmirong e Hijos; este con terrenos

de Don Antonio Amill Oramas, antes Don Bernardo Collado; y por el oeste con otros de Flora y Margarita Simonetti y Antonio Amill.'' Dicha finca estaba inscrita en el registro de la propiedad, siendo valorada la finca en la suma de diez mil trescientos pesos y siendo los condominios de los dueños, según aparecía del registro, los siguientes: Manuel Arán, un condominio por la suma de 4,695.75 pesos; Clotilde Arán, un condominio por la suma de 1,776.50 pesos; e Inocencia Cuascú, un condominio por la suma de 3,827.75 pesos.

II. Por escritura pública de once de diciembre de 1902, el copartícipe Manuel Arán, hipotecó su condominio citado, a favor de la otra copartícipe Inocencia Cuascú, para responderle de la suma de $2,817.45, y esa hipoteca sobre el condominio de la finca perteneciente a Manuel Arán, fué inscrita en el registro, a favor de Inocencia Cuascú.

III. Asímismo, por escritura de 11 de diciembre de 1902, la otra copartícipe Clotilde o Agripina Arán, hipotecó su condominio junto con otra finca a favor de la otra copartícipe Inocencia Cuascú, para asegurar un crédito de 2,200 pesos, y esa hipoteca fué inscrita en el registro de la propiedad a favor de Inocencia Cuascú. Esta hipoteca fué pagada por la deudora y en 3 de junio de 1906, Doña Inocencia Cuascú, le entregó un recibo en documento privado, de la suma total, pero la hipoteca nunca fué cancelada ante notario, ni se inscribió nunca la cancelación en el registro de la propiedad.

IV. Para los efectos del pago de contribuciones, la finca aparecía en el registro de la Tesorería, bajo el nombre de Manuel Arán. Por falta de pago de contribuciones, la finca fué vendida por El Pueblo de Puerto Rico y comprada en pública subasta, en 14 de octubre de 1907, ante el colector de rentas internas de Maricao, Don Francisco Rivera, por la demandante Alejandrina Blanco, esposa del demandado Emilio Arán, por la suma de 600 dollars. Dicho colector entregó a la compradora, un certificado haciendo constar dicha venta, la descripción de la finca, que el nombre del contribuyente moroso era Manuel Arán, que la propiedad aparece registrada

en el registro de la propiedad a nombre de Manuel Arán, Clotilde Arán e Inocencia Cuascú y Montaz, y que este certificado una vez inscrito en el registro de la propiedad del distrito donde radica dicha propiedad, constituirá título absoluto de dicha propiedad a favor del comprador, libre de todo gravamen, exceptuando las contribuciones de los años económicos 2º. semestre 1906–7 y 1907–8; haciendo constar sin embargo, que el dueño de la propiedad vendida, sus herederos o cesionarios, agente debidamente autorizado o acreedores hipotecarios, tienen derecho a redimir la propiedad vendida dentro de 180 días contados desde la fecha, mediante pago al comprador, sus herederos o cesionarios, del montante, al tipo de doce por ciento anual, más todas las costas y contribuciones adeudadas. Dicha venta fué notificada a Manuel Arán, Clotilde Arán e Inocencia Cuascú, pero no fué redimida la finca. La demandante Alejandrina Blanco, dejó de inscribir el referido certificado hasta el 28 de octubre de 1910, en que fué inscrito, en cuanto al condominio de $4,695.75 que al deudor moroso Manuel Arán y Cuascú correspondía, según el registro, en el valor de $10,300 asignados a la finca, siendo denegada la inscripción, tomando en su lugar anotación por 120 días, en cuanto a los dos condominios restantes de dicha finca por hallarse en esa fecha inscritos a favor de personas distintas de dicho Manuel Arán, o sea a favor de Agustín Hernández Mena y de Clotilde Arán. Desde 14 de octubre de 1907, la demandante ha pagado las contribuciones de la finca, y la ha poseído y está poseyendo, excepto en cuanto a los condominios que como se dirá más adelante, fueron entregados por mandamiento judicial, al demandado Agustín Hernández Mena.

V. No aparece claramente que el demandado Agustín Hernández Mena, antes del día doce de marzo de 1910, tuviera conocimiento de los hechos expuestos en el número cuarto de esta relación de hechos probados.

VI. Doña Inocencia Cuascú, murió en el año 1908. En litigio con sus herederos Manuel, Francisco, Agripina, Clotilde y Emilio Arán y Cuascú, Agustín Hernández Mena en

17 de febrero de 1910, hizo que se embargara el condominio de $3,827.75, en la finca arriba mencionada, el cual condominio ya estaba embargado para asegurar la efectividad de la senten- cia. Dicho embargo fué notificado a los demandados en el referido pleito y publicado en edictos por término de veinte días. Dicho condominio fué vendido por el márshal de la corte municipal en subasta pública, el día once de marzo de 1910, siendo adquirido por Agustín Hernández Mena, por la suma de cincuenta dollars. En doce de marzo de 1910, el már- shal de la corte municipal, le otorgó la escritura, fué presen- tada en el registro de la propiedad en 29 de marzo de 1910, siendo anotada preventivamente y convirtiéndose más tarde la anotación en inscripción definitiva. En siete de noviembre de 1910, el márshal de la corte municipal de Mayagüez, dió posesión a Agustín Hernández Mena de este condominio de $3,827.75.

VII. En vista del embargo practicado por Agustín Her- nández Mena, según se ha expuesto en el hecho anterior, Ale- jandrina Blanco, en nueve de marzo de 1910, presentó demanda de tercería en la corte de distrito (causa civil No. 2657) ha- ciéndo constar la compra por contribuciones de 14 de octubre de 1907 y haciendo constar también, que la finca no fué resca- tada por ninguna de las personas que habían tenido derecho a la misma, que pertenecía únicamente a la demandante Alejan- drina Blanco y pidió que así fuera declarada por ésta y que se ordenara la cancelación del embargo practicado. De esta demanda fué emplazado el demandado Agustín Hernández Mena, en doce de marzo de 1910. El demandado opuso excep- ciones previas y siendo desestimadas éstas, contestó la de- manda. Celebrado el juicio, la corte de distrito, con fecha primero de septiembre de 1910, dictó sentencia fundada, de- clarando que toda vez que el inmueble embargado había sido adjudicado a Agustín Hernández Mena, por escritura inscrita en el Registro de la Propiedad de San Germán, y se había presentado copia de dicha escritura con la contestación del demandado Agustín Hernández Mena, la acción de tercería de

dominio no era la procedente, diciendo la corte: "desde ese momento, entendemos que la tercería de dominio no era la acción apropiada, pudiendo no obstante haberse ejercitado por la demandante otra acción distinta de la tercería de dominio, o sea la que mejor conviniere a su derecho. Por las razones expuestas, se declara sin lugar la demanda de tercería de dominio, reservando a la demandante, todos sus derechos para interponer cualquier otra acción que pudiera convenirle, sin especial condenación de costas."

VIII. A pesar de tener conocimiento expreso por medio del emplazamiento referido en el número anterior, de la compra hecha por la demandante Alejandrina Blanco, en la subasta por contribuciones, en el año 1907, Agustín Hernández Mena hizo poner en pública subasta, también en ejecución de sentencia en la corte municipal, contra la Sucesión de Inocencia Cuascú, la hipoteca de $2,200 que todavía aparecía en vigor, según el registro, a favor de Doña Inocencia Cuascú y que pesaba sobre el condominio de $1,776.50 perteneciente a Doña Clotilde Arán y sobre otra finca. No aparece cuándo se haya hecho el embargo, ni que haya sido inscrito. Celebrada la subasta, en 16 de junio de 1910, compró dicha hipoteca el mismo Hernández e inscribió su compra en el registro de la propiedad en 22 de julio de 1910. Pocos días después, Hernández inició en la corte de distrito, un procedimiento hipotecario sumarísimo (causa civil No. 2863), en ejecución de la referida hipoteca; fué sacado el condominio de $1,776.50 a pública subasta, y fué adjudicada a Agustín Hernández Mena, por la suma de doscientos dollars ($200) en 22 de octubre de 1910. El mismo día fué otorgada escritura por el márshal de la corte de distrito. Presentado el documento en el registro de la propiedad, el registrador, con fecha 19 de noviembre de 1910, resolvió no admitir la inscripción del mismo, por el defecto de que este condominio de $1,776.50 aparecía anotado a favor de Alejandrina Blanco, según se ha expuesto en el número cuarto de estos hechos probados, tomándose en su lugar anotación por 120 días. En siete de noviembre de 1910, el

márshal de la corte de distrito, dió posesión a Agustín Hernández Mena de dicho condominio de $1,776.50.

IX. A pesar de constarle a Agustín Hernández Mena, por efecto del emplazamiento en el pleito que se ha referido en el número siete, dicho Hernández Mena, en la ejecución de su sentencia, en la corte municipal de Mayagüez, también compró por cincuenta dollars ($50), en 15 de junio de 1910, la otra hipoteca de $2,817.45 de Manuel Arán. El embargo de este crédito se hizo en 20 de marzo de 1910, pero no aparece que haya sido inscrito en el registro. En 16 de junio le fué otorgado al comprador, por el márshal de la corte municipal, el documento notarial correspondiente, y en 22 de julio de 1910, fué inscrito dicho documento en el registro de la propiedad. Poco después, Agustín Hernández Mena, inició un procedimiento sumarísimo (causa civil No. 2864) en esta corte de distrito, en ejecución de dicha hipoteca y en consecuencia de esta acción, los bienes hipotecados, o sea el condominio de $4,695.75, fué anunciado para subasta pública, la cual subasta se suspendió en virtud del *injunction* librado en la causa actual.

X. Durante la argumentación del caso por los letrados que representan a las partes en el juicio, la distinguida representación del demandado Agustín Hernández Mena, admitió que éste no tiene derecho sobre el condominio de $4,695.75 que correspondía a Manuel Arán y que la hipoteca de $2,817.45 que pesa sobre dicho condominio está extinguida por efecto de la venta en pública subasta del año 1907, por falta de pago de contribuciones.

Hemos estudiado cuidadosamente las alegaciones y las pruebas y a nuestro juicio, los hechos expuestos anteriormente constituyen un resumen fiel de todos los que se alegaron y probaron en este pleito. Con ellos como base y después de establecer sus conclusiones de derecho, la corte de distrito dictó su sentencia que dice así:

"Sentencia inscrita en 25 de febrero de 1911. Título. Sentencia. Esta causa fué llamada para juicio el día 16 de febrero de 1911, com-

pareciendo la demandante asistida de su abogado, Lcdo. José Benet, y el demandado Agustín Mernández Mena, con el suyo, Lcdo. Alfredo Arnaldo, sin que comparecieran los demás demandados. Oídos los alegatos, la prueba practicada y los argumentos de ambas partes, la corte reservó su decisión hasta el día de hoy en que hace una exposición de hechos probados y conclusiones legales y de acuerdo con la misma, dicta sentencia en la forma siguiente:

"(*a*) Declarando que los condominios de $4,695.75 y $1,776.50, en la finca descrita en la demanda, son de la exclusiva propiedad de la demandante Alejandrina Blanco, ordenando su inscripción en el registro de la propiedad a nombre de Alejandrina Blanco y ordenando la cancelación de cualquier inscripción o anotación a favor de Agustín Hernández Mena, de Clotilde Arán o Manuel Arán, sobre dichos condominios.

"(*b*) Declarando que el condominio de $3,827.75 es de la exclusiva propiedad del demandado Agustín Hernández y ordenando la cancelación de cualquier anotación a favor de Alejandrina Blanco sobre dicho condominio.

"(*c*) Declarando que las dos hipotecas de 11 de diciembre de 1902 de $2,817.45, sobre el condominio de $4,695.75, y la de $2,200, en cuanto a la misma afecta al condominio de $1,776.50, están extinguidas y ordenando su cancelación en el registro de la propiedad.

"(*d*) Haciendo permanente y perpetuo el *injunction* preliminar, librado en esta causa.

"(*e*) Imponiendo al demando Agustín Hernández el pago de sus propias costas y el pago de la mitad de las costas de la demandante, estando la otra mitad a cargo de la demandante.

"Regístrese esta sentencia en el libro correspondiente de esta corte y líbrese al Registrador de la Propiedad de San Germán y al márshal de esta corte los mandamientos necesarios para su ejecución.

"Mayagüez, P. R., febrero 25 de 1911. (Firmado) Otto Schoenrich, Juez del Distrito. Testifico. (Firmado) José Basora Mestre, Secretario."

Los particulares (*a*), (*c*), (*d*) y (*e*) fueron apelados por el demandado Hernández Mena. Los otros demandados fueron declarados en rebeldía y no han establecido recurso alguno. El particular (*b*) fué apelado por la demandante Alejandrina Blanco.

Examinaremos en primer término la apelación de la demandante.

Agustín Hernández Mena siguió un procedimiento en la corte municipal de Mayagüez contra Inocencia Cuascú, después sus herederos, y obtuvo una sentencia a su favor por la suma de $402.13. Entre otras propiedades, hizo embargar el condominio de $3,827.75 que dicha Inocencia tenía en la finca de referencia y que figuraba inscrito a su nombre en el registro de la propiedad, y se lo adjudicó finalmente en 11 de marzo de 1910, cuando, según consigna el juez sentenciador en sus hechos probados, no aparecía claramente que tuviera conocimiento de la adquisición de la finca por parte de la demandante en la subasta para el cobro de las contribuciones. Hernández Mena obtuvo su escritura de adjudicación, la presentó el 29 marzo de 1910 en el registro de la propiedad en donde fué anotada, convirtiéndose luego la anotación en inscripción definitiva. La demandante no anotó su derecho en el registro de la propiedad sobre el condominio indicado hasta el 28 de octubre de 1910.

Habiendo en consideración los hechos expuestos, es necesario concluir con la corte de distrito que el expresado condominio de $3,827.75 pertenece al demandado Hernández Mena, porque hay que considerarlo como tercero de buena fe al tiempo de adquirir dicho condominio y porque habiendo adquirido como tercero de buena fe, inscribió su derecho en el registro antes de inscribir el suyo la demandante.

Estudiaremos ahora las apelaciones del demandado Hernández Mena.

A nuestro juicio el pronunciamiento (*a*) de la sentencia apelada, es enteramente correcto. El condominio de $4,695.75 pertenece a la demandante por haberlo adquirido al comprar la totalidad de la finca en 14 de octubre de 1907 e inscrito luego, el 28 de octubre de 1910, a su favor, en el registro de la propiedad, y porque el mismo representante del demandado Hernández Mena lo reconoció así en el acto de la vista. Y el condominio de $1,776.50 también pertenece a la demandante por haberlo adquirido de igual modo y anotado en el registro

de la propiedad con anterioridad a la anotación de la compra hecha por Hernández Mena.

Hernández Mena no tiene, con relación a estos condominios, la condición de tercero de buena fe que le reconocimos con respecto al condominio de $3,827.75. Cuando adquirió la hipoteca sobre el condominio de $1,776.50 y luego el condominio mismo, y la hipoteca sobre el condominio de $4,695.75, él sabía que dichos bienes no pertenecían a su deudor. Para esas fechas había sido emplazado en el pleito sobre tercería y conocía expresamente el hecho de la venta de la finca en pública subasta para el cobro de contribuciones, hecho cuya existencia podía además comprobar fácilmente, acudiendo a las oficinas públicas del colector de contribuciones o del Tesorero de Puerto Rico.

No pueden interpretarse los preceptos de la ley hipotecaria de tal modo que garanticen supuestos derechos, adquiridos a sabiendas de que en realidad de verdad no existían y sólo figuraban en los libros del registro. La ley favorece y garantiza al tercero inocente, pero no puede favorecer ni garantizar al que adquiere a sabiendas, sin lugar a dudas de ningún género, de que aquel de quien deriva su derecho, no es el dueño, como sucede en el presente caso.

El Tribunal Supremo de España, en su sentencia de 13 de mayo de 1903, ha dicho: ''Que el sentido y espíritu del artículo 34 de la Ley Hipotecaria no es tan absoluto, según repetida jurisprudencia del Tribunal Supremo, que otorgue la consideración de tercero al que contrata un préstamo con hipoteca sobre un inmueble, a sabiendas de que ha sido anteriormente enajenado por el mismo que con él contrató, aún cuando esto no aparezca del registro, siempre que dicho conocimiento se haya revelado en actos propios del adquirente, o en hechos cuya significación no pueda desconocerse, demostrativos de su asentimiento, porque en tal supuesto falta el fundamento y razón de la ley para que a este conocimiento se le pueda atribuir dicha trascendencia legal, sin desvirtuar el precepto terminante de la Ley Hipotecaria, pues siendo uno de sus princi-

pales objetos el de la publicidad de las cargas, gravámenes y demás vicisitudes que afecten a la propiedad inmueble para que nadie sea responsable de las que ignore, es indudable que, con arreglo a dicha ley, no puede considerarse como tercero al que si bien no intervino en el acto o contrato, tuvo perfecto conocimiento de él; doctrina que está de acuerdo con los principios de derecho, según los cuales no cabe impugnar aquello que se aceptó sin protesta, o que expresa o tácitamente se consintió.'' (95 Jurisprudencia Civil, 777.)

La anterior doctrina ha sido confirmada por el expresado Tribunal Supremo en sus sentencias de 11 de enero de 1895, 77 Jurisprudencia civil, 69; de 7 de febrero de 1896, 79 Jurisprudencia civil, 260, y de 24 de marzo de 1905, 100 Jurisprudencia civil, 679. Esta última, en sus considerandos, establece que lo dispuesto en el artículo 34 de la Ley Hipotecaria en favor del tercer adquirente, exige para su aplicación, que las causas de nulidad o de resolución que puedan afectar al contrato no consten en el registro de la propiedad *o sean por él ignoradas en el acto de contratar.*

Y esta misma Corte Suprema de Puerto Rico desde los comienzos de su labor, se inspiró en las mismas consideraciones que el Tribunal Supremo de España. En el caso de *Valdés* v. *Valle y Noble*, 1 S. T. S. P. R., 75, se establece la doctrina de que si el llamado *tercero* ''es sabedor de las cargas que sobre la finca pesan y se le prueba, pierde ese privilegio.''

El pronunciamiento (*c*) es también correcto a nuestro juicio. La hipoteca de El Pueblo de Puerto Rico para el cobro de las contribuciones es preferente, y vendida la finca y transcurrido el término fijado por la ley para la redención sin que el acreedor hipotecario ejercitara su derecho, quedaron las hipotecas extinguidas. Las adquisiciones de las hipotecas sobre los repetidos condominios de $4,695.75 y $1,776.50, por el demandado Hernández Mena, se llevaron a efecto después que el dicho demandado tenía conocimiento expreso de su extinción por razón de la venta de la finca en pública subasta, y por tanto, él no tiene la condición de tercero inocente, de

acuerdo con la jurisprudencia que hemos invocado y aceptado anteriormente.

En cuanto al pronunciamiento (*d*) diremos que no estimamos necesario entrar a discutir si pudo o nó librarse un auto de *injunction* en este caso atendidas las circunstancias del mismo, ya que se resolvió definitivamente por la sentencia que la hipoteca cuya ejecución se mandó paralizar había quedado extinguida por razón de la venta para el cobro de las contribuciones, y nosotros acabamos de mostrar nuestra conformidad con tal pronunciamiento.

Y en cuanto al pronunciamiento (*e*), no habiéndose demostrado por el apelado Hernández Mena que la corte abusara de su discreción al imponerle el pago de la mitad de las costas, opinamos que debe confirmarse.

Hemos estudiado la apelación relativa al memorándum de costas y a nuestro juicio el hecho de que la demandante no contestara por escrito la impugnación del demandado, atendidas las circunstancias del caso, no es suficiente por sí solo para concluir que la demandante aceptó como bien fundada la dicha impugnación del demandado. La transcripción demuestra que el memorándum y el escrito impugnando sus partidas fueron sometidos al juez sentenciador para que decidiera finalmente, y que dicho juez, que tenía a la vista todos los autos del pleito, resolvió aprobarlo fijando la cantidad que debe satisfacer el demandado en la suma de $120.

A virtud de todo lo expuesto opinamos:

1°. Que deben desestimarse por innecesarios los recursos establecidos por el demandado Hernández Mena contra las órdenes de 11 de noviembre y 15 de diciembre de 1910;

2°. Que debe declararse no haber lugar a los recursos de apelación establecidos por la demandante contra el pronunciamiento (*b*) de la sentencia apelada y por el demandado Hernández Mena contra los pronunciamientos (*a*), (*c*), (*d*) y (*e*) de la expresada sentencia, y en su consecuencia confirmarse la repetida sentencia dictada por la Corte de Distrito de Mayagüez el 25 de febrero de 1911, y

3°. Que debe declararse sin lugar la apelación contra la orden relativa a la fijación de las costas que debe satisfacer el demandado Hernández Mena.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Asociados MacLeary y Wolf.

El Juez Presidente Sr. Hernández y el Juez Asociado Sr. Aldrey firmaron haciendo constar estar conformes con algunos de los pronunciamientos de la sentencia y no con otros, habiendo emitido una opinión disidente que se inserta al final del tomo.

## PETICIÓN DE RECONSIDERACIÓN DE SENTENCIA.

### Resuelto octubre 14, 1912.

RECONSIDERACIÓN DE SENTENCIA—COSTAS—CUESTIONES PLANTEADAS POR PRIMERA VEZ EN LA MOCIÓN DE RECONSIDERACIÓN.—No procede la reconsideración de una sentencia por motivos alegados por primera vez en la moción de reconsideración y que no fueron alegados en términos precisos y claros en la designación de errores que el apelante, de acuerdo con los artículos 42 y 43 del reglamento de este tribunal, estaba en el deber de alegar para que este tribunal pudiera discutirlos y resolverlos.

Los hechos están expresados en la resolución del tribunal. El promovente compareció en nombre propio.

### RESOLUCIÓN.

Esta Corte Suprema dictó sentencia en 26 de junio último, por la que entre otros pronunciamientos confirmó la orden de la corte inferior de 16 de marzo de 1911, que fijaba las costas que debía satisfacer el demandado Hernández Mena, y de esa parte de dicha sentencia pide Hernández Mena reconsideración por el fundamento de que, habiendo sido condenado por la corte inferior al pago de sus propias costas y al de la mitad de las costas de la demandante, se incluyen en la orden confirmada partidas que no pueden comprenderse en el concepto de costas, invocando en su defensa la sentencia que pronunció esta corte el 29 de junio citado, en el caso de *Santiago Veve* v. *El Municipio de Fajardo.*

El motivo legal en que Hernández Mena basa la reconsideración solicitada no fué alegado oportunamente ante

esta Corte Suprema en términos precisos y claros, como debió hacerlo, exponiendo los errores en que fundaba su recurso, según previenen los artículos 42 y 43 de nuestro reglamento, y por esa razón nos abstuvimos de discutirlo y resolverlo en la forma en que hoy se nos presenta. La alegación de Hernández Mena es nueva y tardía, y no habiendo sido sido sometida antes a nuestra consideración, hoy no puede ser reconsiderada.

Se deniega la moción de reconsideración.

*Denegada la reconsideración.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf, del Toro y Aldrey.