CRISTINA ESCALERA FALÚ, demandante y apelada, *v.* WEST INDIA OIL COMPANY, demandada y apelante.

No. 5145.—*Sometido:* Mayo 12, 1932. *Resuelto:* Mayo 31, 1932.

*José Carbia Miranda,* abogado de la apelante; *E. H. F. Dottin,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Octaviano J. Herrera tenía inscritos a su nombre en el registro de la propiedad dos solares radicados en el sitio de-

nominado Seboruco, del barrio de Santurce de esta capital, y por la escritura No. 82 de 27 de mayo de 1924 los vendió a Cristina Escalera Falú. Uno de esos solares fué inscrito en el registro a nombre de la compradora Escalera Falú pero el otro no fué inscrito. Algunos años después, la corporación West India Oil Co. demandó a Octaviano J. Herrera en cobro de dinero y para cumplir la sentencia condenatoria dictada en ese pleito fué embargado el solar que Escalera Falú compró y no inscribió a su nombre y fué vendido en pública subasta, siendo adjudicado a esa corporación por $2,700 como abono a su crédito por sentencia. No concurrieron licitadores a la subasta. Otorgada por el márshal la correspondiente escritura de venta a favor de la corporación fué inscrito ese solar a nombre de la West India Oil Co. en el registro de la propiedad. Después de esa inscripción demandó Cristina Escalera Falú a dicha cororación para que la corte anulase el embargo, remate y adjudicación de ese solar y ordenase la cancelación en el registro de la inscripción hecha a favor de la citada corporación, siendo su único fundamento que ella había comprado ese solar a Herrera en 1924 y que desde entonces está poseyéndolo y pagando las contribuciones. La corporación se opuso a la demanda alegando que compró de quien en el registro aparecía como dueño y que en ningún momento supo que la finca a que se refiere la demanda haya pasado a ser propiedad de la demandante, ni de ello existe constancia en el registro.

El día señalado para el juicio las partes acordaron someter el pleito a la decisión del tribunal mediante estipulación escrita que presentaron en la que convinieron en los hechos que daban por probados ambas partes. Uno de los que dieron por probados por la demandada dice así: ''Que la demandada en ningún momento hasta que fué notificada del presente pleito tuvo conocimiento de la existencia de la escritura No. 82 de fecha 27 de mayo de 1924, así como tampoco que la demandante alegara ser dueña de la finca objeto de este li-

tigio.'' Con esa estipulación acompañaron los respectivos títulos de propiedad y recibos de contribuciones pagados por la demandante.

La sentencia que recayó fué favorable a la demandante y contra ella interpuso la demandada este recurso de apelación alegando que el tribunal inferior erró al no haber declarado que la corporación apelante es un tercero de buena fe y que su título es superior al de la apelada.

 Sostiene la apelada que la apelante no es un tercero de buena fe porque del hecho que admitió como prueba y que hemos copiado aparece que al comprar tenía conocimiento de la adquisición hecha por Cristina Escalera Falú, pero el expresado hecho transcrito no admite tal interpretación sino la contraria de que hasta que se le notificó la demandada no tuvo conocimiento de la compra que había hecho la apelada y de que ella alegara ser dueña. Por consiguiente, como la apelante compró ignorando la anterior venta hecha a la apelada y sin constancia de ello en el registro es un comprador de buena fe, sin que pueda decirse, como declaró el tribunal inferior, que no era un tercero de buena fe porque tenía o debía tener conocimiento de que el solar no era propiedad de su deudor cuando la apelada lo adquirió, pues no hay hecho alguno que demuestre que tenía tal conocimiento, ni debía tenerlo porque ignoraba esa venta, de la que tampoco le daba noticia el registro de la propiedad. El caso de *Blanco* v. *Hernández*, 18 D.P.R. 711, citado por la apelada, no apoya la sentencia recurrida pues descansa en la teoría de que la persona allí demandada no era tercero de buena fe porque antes de comprar sabía que el condominio a que se refiere había sido vendido, lo que no ocurre en el presente caso.

 También sostiene la apelada que la apelante no es una compradora de buena fe porque su título es por adjudicación en subasta celebrada en su pleito con abono a su crédito por sentencia pero sin entregar dinero.

En adjudicaciones hechas en subastas judiciales al acree-

dor como pago total o parcial de su crédito por sentencia hay diversidad de criterios en las decisiones de los tribunales de los Estados Unidos de América, sosteniendo algunos que no es un comprador inocente sino que se le imputa conocimiento de todas las irregularidades en la sentencia, ejecución y venta, así como de todos los gravámenes y equidades que subsistan sobre y contra la propiedad en poder del deudor por sentencia; aunque en la mayor parte de esas jurisdicciones no se aplica esa regla a los documentos que deben ser inscritos y que no lo han sido. En 23 Corpus Juris 765, se dice: "Según las distintas leyes de registro que proveen que todas las escrituras en que están envueltos títulos tendrán validez y efecto desde el momento en que las mismas sean presentadas para su inscripción y no antes, en lo que se refiere a todos los acreedores y adquirentes de buena fe que no tengan conocimiento alguno, se ha resuelto generalmente que el acreedor por sentencia que adquiere los bienes en la subasta efectuada en ejecución estará protegido contra el título o hipoteca no inscrito de los cuales él no tenía conocimiento efectivo." Nuestras leyes exigen que los títulos de compra de inmuebles sean inscritos en el registro de la propiedad para que puedan perjudicar a tercero. Por consiguiente, el título de la apelada, que debió ser inscrito y no lo fué, no quita a la apelante adjudicataria en la subasta su condición de tercero de buena fe. Además, la equidad que pide para sí la apelada para reclamar mejor derecho al solar por haberlo comprado antes que la apelante no existe en este caso, porque como veremos más adelante esa situación la ha resuelto la ley en su contra por no haber inscrito su título.

■ Se trata de un caso de doble venta de un bien inmueble hecha a personas distintas, una por el propio dueño y otra por el márshal en nombre del dueño, cuya venta es como si el mismo dueño demandado la hubiera efectuado voluntariamente, según la sección 7 de la ley sobre sentencias y manera de satisfacerlas.

Las leyes han tenido en cuenta desde tiempos remotos que pueden ocurrir casos de doble venta de una misma cosa a distintas personas pues la Partida V, Título V, Ley 50 reguló esa materia. El Código Civil español en su artículo 1473 y el nuestro en el 1376 (que es el 1362 desde 1930) prevén la doble venta, distinguiendo si se trata de cosas muebles o de inmuebles y en cuanto a éstas si ha habido inscripción o no. Dice así:

"Si una misma cosa se hubiese vendido a diferentes compradores, la propiedad se transferirá a la persona que primero haya tomado posesión de ella con buena fe, si fuere mueble.

"Si fuere inmueble, la propiedad pertenecerá al adquirente que antes la haya inscrito en el registro.

"Cuando no haya inscripción, pertenecerá la propiedad, a quien de buena fe sea primero en la posesión; y faltando ésta, a quien presente título de fecha más antigua, siempre que haya buena fe."

Por su parte la Ley Hipotecaria en su artículo 36 dispone que las acciones rescisorias y resolutorias no se darán contra tercero que haya inscrito los títulos de sus respectivos derechos; y el artículo 38, No. 4, que no se anularán los actos o contratos en perjuicio de tercero que haya inscrito su derecho por la doble venta de una misma cosa, cuando alguna de ellas no hubiera sido inscrita. Tanto el Código Civil como la Ley Hipotecaria dan preferencia al comprador que inscribe por el hecho de la inscripción. Por consiguiente, no habiendo inscrito la primera compradora su título pero sí la segunda adquirente, a ésta corresponde la propiedad de solar, y su título y su inscripción no pueden ser anulados aunque la apelada haya estado en posesión del solar como dueña de él, pues cuando existe inscripción de una de las ventas de inmuebles tal inscripción es el único dato que la ley tiene en cuenta para decidir el conflicto de los títulos. En el caso de *Gutiérrez Hnos.* v. *Ramírez*, 27 Jurisprudencia Filipina 301, se dictó sentencia a favor del segundo comprador porque su título fué inscrito, a pesar de que el primer comprador que no inscribió su título tuvo la posesión de la finca por muchos años.

Dijo la corte inferior y alega la apelada que cuando se verificó la segunda enajenación ya el vendedor se había desprendido por la primera venta de su propiedad. Tal hecho lo ha tenido en cuenta el legislador, que sabe que cuando se hace una segunda venta ya el vendedor no es dueño de la finca que vende por segunda vez, pero ha resuelto el conflicto entre los compradores dictando las reglas que contiene el artículo 1376, *supra*. En el caso de *Gutiérrez Hnos.* v. *Ramírez,* ya citado, también se alegó esa cuestión pero el tribunal declaró la propiedad a favor del segundo comprador porque su título fué inscrito.

*La sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda sin especial condena de costas.*

El Juez Asociado Señor Hutchison disintió.*