550

HARRY N. BAETJER, CLARENCE K. BOWIE, A. HAMILTON S. POST, HEYWARD E. BOYCE, HARRY E. HENNEMAN, JAMES A. STEVENSON, JR., y LOUIS NAETZKER, todos como TRUSTEES, y no individualmente, de EASTERN SUGAR ASSOCIATES, un TRUST, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Núm. 1007.—*Sometido:* Noviembre 24, 1937. *Resuelto:* Enero 28, 1938.

*Fiddler, Córdova & McConnell* y *J. M. Morales,* abogados de los recurrentes;

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Presentado para su inscripción en el Registro de la Propiedad de Guayama el certificado de compra de bienes inmuebles expedido por el Colector de Rentas Internas de dicha ciudad para acreditar la venta en pública subasta de una finca de doscientas veintinueve cuerdas, situada en el barrio de Carite de aquella jurisdicción, para el cobro de contribuciones adeudadas por la misma al Pueblo de Puerto Rico, hecha a favor de E. René Romney en representación de la Eastern Sugar Associates, causó la siguiente nota:

"Inscrito el presente documento al folio 49 del tomo 72 de Guayama, finca número mil ciento cuarenta y cuatro cuadruplicado, inscripción 14. La finca vendida se halla afecta a dos hipotecas

constituídas a favor del United Porto Rican Bank, cedidas por éste a The National City Bank of New York. Guayama, a 30 de enero de 1936."

Así las cosas, la Eastern Sugar Associates dirigió al registrador un escrito que dice:

"De acuerdo con el artículo 347 del Código Político de Puerto Rico, párrafo segundo, que lee como sigue:

" 'Si el derecho de redención que más adelante se dispone, no se ejerciere dentro del término prescrito, dicho certificado, una vez inscrito en el Registro de la Propiedad del distrito donde radica la propiedad, constituirá *título absoluto* de dicha propiedad a favor de dicho comprador, libre de toda hipoteca, carga o cualquier gravamen.'

"Que asimismo el último párrafo del Certificado de Compra de Bienes Inmuebles, que más adelante se relaciona, lee así:

" 'Que si el derecho de redención no se ejercitare por la parte interesada dentro del expresado año, este certificado constituirá *título absoluto* de los bienes vendidos, una vez que sea inscrito en el Registro de la Propiedad del distrito donde los bienes radican; quedando los mismos libres de toda hipoteca, carga o cualquier otro gravamen, que sobre ellos pesare.'

"En virtud de lo arriba expresado y habiendo transcurrido más de un año, que marca la ley, desde la fecha del certificado de compra de bienes inmuebles, sin que se haya ejercitado por ninguno de los interesados, el derecho de redención.

"Como mandatario verbal de Eastern Sugar Associates, un *Trust,* presento en este Registro de la Propiedad de Guayama, el certificado de compra de bienes inmuebles núm. 3665, de fecha 12 de noviembre de 1935, para que usted se sirva proceder a hacer constar que ha quedado consolidada la venta a favor de Eastern Sugar Associates con título absoluto y libre de cargas o gravámenes; y asimismo proceder a cancelar de oficio y por virtud de la venta efectuada por el Hon. Tesorero de Puerto Rico, en cobro de contribuciones adeudadas, todas y cada una de las cargas o gravámenes que se relacionan en dicho certificado núm. 3665.

"Acompaño sellos de rentas internas por valor de $1.50 para cubrir los derechos de la inscripción de título absoluto, a favor de Eastern Sugar Associates, debiendo las cancelaciones de gravámenes hacerse de oficio, de acuerdo con lo arriba expresado y el contenido

del artículo 347 del Código Político de Puerto Rico y último párrafo del certificado de compra de bienes inmuebles que se presenta."

Y el registrador consignó al pie del mismo lo que sigue:

"Puesta la oportuna nota de consolidación de venta a favor de la Eastern Sugar Associates que solicita el documento que precede, al margen de la inscripción 14 *a* de la finca número 1144 cuadruplicado, al folio 49 del tomo 72 de Guayama; y devuelto el documento sin practicarse operación alguna de la cancelación de los gravámenes consignados al pie del certificado de compra que se acompaña, por no haberse depositado los derechos correspondientes a tales efectos, a pesar de haber sido los mismos requeridos del presentante en el acto de la presentación de dicho documento, negándose a ello."

No conforme la compradora recurrió para ante esta Corte Suprema. Tanto ella como el registrador han presentado alegatos en apoyo de sus respectivas posiciones.

Invoca la primera el artículo 347 del Código Político que dispone en su segundo párrafo que la venta por contribuciones se hará libre de gravámenes, pudiendo inscribirse en el registro el certificado creditivo de la misma mediante el pago de dos dólares como honorarios, así:

"Si el derecho de redención que más adelante se dispone no se ejerciere dentro del tiempo prescrito, dicho certificado, una vez inscrito en el registro de la propiedad del distrito donde radique dicha propiedad, constituirá título absoluto de dicha propiedad a favor de dicho comprador, libre de toda hipoteca, carga o cualquier otro gravamen. Dicho certificado será evidencia prima facie de los hechos relatados en el mismo en cualquier controversia, procedimiento o pleito, que envuelva o concierna a los derechos del comprador, sus herederos o cesionarios, a la propiedad traspasada en virtud del mismo; y el comprador, sus herederos o cesionarios, pueden, al recibo de dicho certificado, hacer que sea debidamente inscrito por el registrador de la propiedad del distrito en que radicare dicha propiedad, mediante el pago de dos dólares como honorarios."

Y fúndase además en la jurisprudencia establecida por esta Corte Suprema en los casos de *Blanco* v. *Hernández*, 18

D.P.R. 711, *Municipio de Mayagüez* v. *Gómez*, 15 D.P.R. 624 y *Márquez* v. *Registrador*, 11 D.P.R. 268, en el último de los cuales la corte, hablando por su Juez Presidente Sr. Quiñones, dijo:

"Considerando que habiéndose practicado la venta en pública subasta de los terrenos de que se trata para el pago de las contribuciones reales que adeudaba su dueño, y que, constituyendo éstas el primer gravamen que pesaba sobre dicha propiedad inmueble, como lo establece el artículo 315 del Código Político, tiene derecho el comprador a que se le entreguen los terrenos así adquiridos, libres de gravamen, para lo cual debe el registrador practicar la cancelación de los gravámenes posteriores, a tenor de lo que ordena el artículo 125 de la Ley Hipotecaria, y para lo cual es título bastante el documento presentado por el recurrente por tratarse de una certificación expedida con las formalidades que exige la Ley de Rentas por un subcolector de contribuciones, que es un agente del Gobierno debidamente constituído y autorizado para expedirla, y cuya certificación constituye, por consiguiente, un documento auténtico inscribible, de los comprendidos en el artículo tercero de la Ley Hipotecaria . . ." (11 D.P.R. 269).

En contrario alega el registrador que el artículo 347 del Código Político no contiene disposición expresa alguna que lo obligue a hacer la cancelación libre de derechos, que está obligado a cumplir con lo que exige el arancel y que si practicara la operación sin cobrar privaría al Pueblo de Puerto Rico de una buena fuente de ingresos. Cita el caso de *León y Rivas* v. *Registrador*, 47 D.P.R. 890, en el que esta Corte Suprema, copiando del resumen, resolvió:

"El Pueblo de Puerto Rico no está obligado a ofrecer los servicios de una organización como el registro de la propiedad sin recibir retribución alguna; puede cobrar por sus servicios un derecho (*fee*) compensatorio que sea razonable (*Federal Land Bank* v. *Crosland*, 261 U. S. 374, seguido)."

Creemos en verdad que ha ido demasiado lejos el registrador. Aquí se trata de una venta hecha para el cobro de contribuciones adeudadas al Pueblo y de la inscripción de un

título otorgado por el mismo en su propio registro de acuerdo con una de sus leyes que dispone que la propiedad se adquirirá libre de gravámenes y que el documento en que la venta se hará constar podrá inscribirse en el registro mediante el pago de dos dólares como honorarios.

No dice la ley expresamente pero sí de modo implícito que la inscripción deberá hacerse libre de gravámenes. De otra suerte la operación no quedaría ultimada mediante el otorgamiento del certificado y el pago de los honorarios que fija el estatuto. Ésa ha sido además según tenemos entendido la interpretación que ha venido dándose a la ley desde su promulgación por los mismos registradores de la propiedad.

El hecho de que a virtud de la venta de una finca por contribuciones no se extingan las servidumbres que pesen sobre ella, según se resolvió por esta corte en *Colón* v. *Plazuela Sugar Co.,* 47 D.P.R. 871, 881, nada tiene que ver con la cuestión de si deben cobrarse los derechos establecidos por el arancel general para las cancelaciones, además de los honorarios fijados por el estatuto, al verificarse la inscripción libre de gravámenes en un caso de venta por contribuciones.

La ley ha sido ya interpretada en ese respecto y no es cuestión de pagar o no pagar determinados derechos. Es que fundamentalmente lo prescrito por el estatuto sobre libertad de gravámenes, no se extiende a las servidumbres que son cargas de una naturaleza distinta a las que tuvo en mente el legislador al decretar el artículo 347 del Código Político.

*Por virtud de todo lo expuesto debe declararse con lugar el recurso y ordenarse al registrador que proceda a cancelar de oficio los gravámenes que menciona en la primera de sus notas.*

El Juez Asociado Señor Córdova Dávila no intervino.