J. Ochoa Hermano *v.* Herederos de Lanza et al.

Apelación procedente de la Corte de Distrito de Humacao.
Moción sobre concesión de costas.

No. 585.—Resuelto en junio 7, 1911.

Costas—Interpretación de Ley—Derogación de los Artículos 328 y 330 del Código de Enjuiciamiento Civil.—Los artículos 328 y 330 del Código de Enjuiciamiento Civil han sido derogados por la ley de marzo 12, 1908, para enmendar los artículos 327 y 339 del Código de Enjuiciamiento Civil.

Id.—Discreción del Tribunal Sentenciador—Grado de Culpabilidad de la Parte Vencida.—De acuerdo con el artículo 327 del Código de Enjuiciamiento Civil tal como ha sido enmendado por ley de marzo 12, 1908, la concesión de honorarios y costas, en pleitos o procedimientos cuya cuantía excede de $500, cuando el demandado haya comparecido, es discrecional por parte del juez, el cual ha de tomar por norte de su proceder el grado de culpabilidad, si lo hubiere, de la parte condenada por la sentencia.

Id.—Facultad Discrecional del Tribunal Supremo.—De acuerdo con el artículo 306 del Código de Enjuiciamiento Civil tal como ha sido enmendado por la ley de marzo 8, 1906, salvo los casos taxativamente expresados en dicho artículo, este tribunal al pronunciar sentencia en grado de apelación tiene la facultad discrecional de conceder las costas ocasionadas en el tribunal inferior, según lo estime procedente.

Costas en Grado de Apelación—Facultades del Tribunal Supremo.—Este tribunal no tiene facultades para imponer las costas que se originen por sostener un recurso de apelación.

Los hechos están expresados en la opinión.

Abogado de los promoventes: *Sr. Arturo Aponte, Jr.*

Abogados de la parte contraria: *Sres. Bosch y Soto.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por sentencia de 3 de abril último, esta Corte Suprema revocó la que la Corte de Distrito de Humacao había dictado condenando a los demandados a pagar a los demandantes la suma reclamada con las costas; y en su lugar declaró sin lugar la demanda sin especial condenación de costas.

Los demandados y apelantes presentaron con fecha 5 de mayo pasado, moción a esta corte para que reconsiderando su sentencia en la parte relativa a costas concediera éstas a

dichos demandados.   Esa moción fué discutida por los aboga-
dos de ambas partes el día 15 de mayo citado.

En apoyo de su moción invocan los peticionarios los artí-
culos 300 (debe ser 330) y 333 del Código de Enjuiciamiento
Civil.

El artículo 330 ordena que se concederán en todo caso las
costas al demandado que obtuviere fallo en su favor en los
pleitos mencionados en el artículo 328 y en procedimientos
especiales.

El caso de que se trata está comprendido en el número 3º.
del artículo 328, puesto que versa sobre cobro de dinero en
cuantía superior a 100 dollars.

Pero nosotros entendemos que ambos artículos 328 y 330
han sido derogados por la ley aprobada en 12 de marzo de
1908 para enmendar los artículos 327 y 339 del Código de En-
juiciamiento Civil.

Esa Ley en su sección 1ª. dice así:

"Sección 1ª.—Los artículos 327 y 339 del Código de Enjuicia-
miento Civil, se entenderán y quedan redactados en adelante en la
forma siguiente:

"Artículo 327.—Las partes en pleitos o procedimientos tendrán
derecho a las costas y desembolsos que en ellos se le hayan irrogado, con
sujeción a las reglas que más adelante se establecen.   En todos los casos
en que un pleito o procedimiento se concedan las costas a una parte,
si la materia litigiosa excede de quinientos dollars, tendrá ésta el
derecho de que se le abone por la parte condenada el importe de los
honorarios que haya devengado el abogado de la primera por sus ser-
vicios. *Disponiéndose,* que nada de lo contenido en esta sección podrá
entenderse en el sentido de permitir que los honorarios de abogados se
incluyan en las costas impuestas contra un demandado que no hu-
biere comparecido en el pleito o procedimiento, y *disponiéndose ade-
más,* que los honorarios y costas serán concedidos discrecionalmente
por el juez que entienda en el pleito o procedimiento, teniendo en cuen-
ta el grado de culpabilidad, si la hubiere, de la parte condenada por la
sentencia."

Como se ve la concesión de honorarios y costas en pleitos
o procedimientos cuya cuantía excede de quinientos dollars,

cuando el demandado haya comparecido es discrecional por parte del juez, el cual ha de tomar por norte de su proceder el grado de culpabilidad si lo hubiere de la parte condenada por la sentencia.

Y como según el artículo 306 del Código de Enjuiciamiento Civil tal como quedó enmendado por la ley aprobada en 8 de marzo de 1906, cuando se revocare la sentencia, orden o decreto del tribunal inferior, la corte procederá a pronunciar la sentencia, orden o decreto que debió haber dictado el tribunal inferior, salvo los casos que dicho artículo expresa, es consiguiente que esta Corte Suprema al pronunciar su sentencia de 3 de abril de 1911, estaba en las mismas condiciones que la corte inferior y pudo conceder las costas, según lo estimara procedente dentro de sus facultades discrecionales.

Esta corte estimó que no había habido culpabilidad, malicia o temeridad por parte de la sociedad demandante al iniciar y sostener el pleito y por esa razón no la condenó en las costas causadas en la corte inferior, pues por lo que atañe a las originadas para sostener el recurso, ya hemos decidido en anteriores resoluciones que el Tribunal Supremo carece de autoridad para imponerlas.

Véase el caso de *Angel Martínez* v. *Pagán, López y Cía.*, decidido en 19 de mayo próximo pasado.

Por las razones expuestas debe desestimarse la moción de los demandados y apelantes de 5 de mayo ya citado.

*Denegada la moción.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary, disintió.