## TORRES ET AL. *v.* PÉREZ VILANOVA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 837.—Resuelto en junio 28, 1912.

COSTAS—PROCEDIMIENTOS ESPECIALES—DESAHUCIO.—Las palabras ''en pleitos o procedimientos'' empleadas en el artículo 327 del Código de Enjuiciamiento Civil enmendado por ley de marzo 12 de 1908, se refieren a todas las acciones o procedimientos, incluyendo los procedimientos especiales.

ID.—INTERPRETACIÓN DE LEY—DEROGACIÓN DE LEY.—El artículo 330 del Código de Enjuiciamiento Civil ha sido derogado por la ley de costas de marzo 12, 1908, y por lo tanto no comete error el juez sentenciador que en un procedimiento de desahucio deniega la concesión de costas a una parte, en el ejercicio de la facultad discrecional que le concede el artículo 327 del Código de Enjuiciamiento Civil enmendado por ley de marzo 12, 1908.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. José Sabater.*
Abogado de los apelados: *Sr. José Ramón Freyre.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso la demandada obtuvo sentencia a su favor en el tribunal inferior pero sin costas, e interpuso recurso de apelación.

El artículo 327 del Código de Enjuiciamiento Civil según fué aprobado anteriormente, es como sigue:

''Artículo 327.—La cuantía y forma de pago de los honorarios de los abogados y consultores se deja al convenio expreso y tácito de las partes; pero las partes en pleitos o procedimientos tendrán derecho a las costas y a los desembolsos, según más adelante se dispone.''

Los artículos 327, 328 y 330, estaban por lo tanto íntimamente relacionados.

En 1908 la legislatura aprobó una ley para enmendar los artículos 327 y 339 del Código de Enjuiciamiento Civil. El artículo 327, así enmendado dice lo siguiente:

"Las partes en pleitos o procedimientos tendrán derecho a las costas y desembolsos que en ellos se les hayan irrogado, con sujeción a las reglas que más adelante se establecen. En todos los casos en que en un pleito o procedimiento se concedan las costas a una parte, si la materia litigiosa excede de $500, tendrá ésta el derecho a que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios. *Disponiéndose* que nada de lo contenido en esta sección podrá entenderse en el sentido de permitir que los honorarios de abogados se incluyan en las costas impuestas contra un demandado que no hubiere comparecido en el pleito o procedimiento, y *disponiéndose, además,* que los honorarios y costas serán concedidos discrecionalmente por el juez que entienda en el pleito o procedimiento, teniendo en cuenta el grado de culpabilidad si hubiere, de la parte condenada por la sentencia."

Al decirse las partes en pleitos o procedimientos se quiso expresar todas las acciones o procedimientos, incluyendo los procedimientos especiales. El hecho de que se mencionen los procedimientos especiales en el artículo 328 que se aprobó primeramente, no establece diferencia alguna, porque el artículo 327 según fué aprobado originalmente se refería a las acciones y procedimientos en general. Por consiguiente, la alegación del apelante que fué el demandado y a favor de quien se dictó sentencia en la corte inferior, referente a que la enmienda que se hizo en 1908 solamente se refería al artículo 327 y no a los artículos 327 y 339, no puede considerarse como válida, y la conclusión a que hemos llegado está sostenida por las palabras con que termina la ley de marzo 12, 1908, a que se ha hecho referencia, en donde se dice: "Toda ley o parte de la misma que se oponga a la presente, queda derogada." En tanto en cuanto artículo 330 parece conceder desde luego costas a un demandado en procedimientos especiales, queda derogado *pro tanto* por virtud de las disposiciones conteni-

das en la expresada ley de marzo 12, 1908.    (*J. Ochoa Hermanos* v. *Herederos de Lanza,* 17 D. P. R., 730), y el tribunal inferior no cometió error al denegar la concesión de costas.

Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.