SANTISTEBAN, CHAVARRI & CO., SUCS., DEMANDANTES, APELANTES Y APELADOS, *v.* SUCESIÓN GODOY, DEMANDADA Y APELADA, Y GUTIÉRREZ, INTERVENTOR, APELANTE Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.

No. 1579.—Resuelto en julio 19, 1917.

EMBARGOS—ANOTACIÓN DE EMBARGOS—PREFERENCIA.—El artículo 71 de la Ley Hipotecaria se refiere al caso en que anotado un embargo el dueño vendiese posteriormente la finca embargada. Su objeto es declarar que la anotación de uno o de varios embargos no priva al dueño de disponer de su derecho de propiedad o de gravarla, aunque el adquirente del dominio o del derecho real queda sujeto a las consecuencias de la adquisición bajo las condiciones mencionadas en dicho artículo. Pero ese precepto no tiene aplicación a un caso en que un segundo anotante trata de recobrar del primero las cantidades mencionadas en la anotación de su embargo, so pena de que se cancele la inscripción de dominio del primero, porque eso sería reconocerle una preferencia que la anotación por sí misma no le da.

ID.—ID.—CUESTIONES NO SUSCITADAS EN LA CORTE INFERIOR.—Aun cuando el segundo embargante discute en esta apelación defectos que alega existen en el diligenciamiento del embargo del primero, así como la preferencia que tiene sobre éste según el artículo 44 de la Ley Hipotecaria para cobrarse con la finca que ambos embargaron, se prescindirá de estas cuestiones porque no habiéndose levantado en la corte inferior no pueden variarse en apelación los términos del debate judicial.

COSTAS Y DESEMBOLSOS—HONORARIOS DE ABOGADO—DISCRECIÓN JUDICIAL.—Como la imposición del pago de costas, desembolsos y honorarios de abogados es discrecional en la corte inferior, si no se demuestra que abusara de esa discreción, no se alterará su resolución sobre el particular.

Los hechos están expresados en la opinión.

Abogados de los demandantes: *Sres. José* y *Manuel Tous Soto.*

Abogado del interventor: *Sr. Carlos Brunet del Valle.*

La sucesión demandada no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Pablo Gutiérrez siguió un pleito en cobro de pesos contra la Sucesión de Rodrigo Godoy, obtuvo orden de aseguramiento de la sentencia que en definitiva se dictase, anotó en el registro de la propiedad el embargo de una finca de los demandados y posteriormente se dictó sentencia a su favor por la cantidad que reclamaba.

En este estado las cosas Santisteban, Chavarri & Co., Sucs., demandaron también a la Sucesión de Rodrigo Godoy en cobro de pesos, se decretó el embargo de bienes y lo anotó en el registro en la misma finca anotada a favor de Gutiérrez.

Rematada posteriormente la finca por Gutiérrez y habiéndosele adjudicado para el pago de su deuda presentó la mercantil Santisteban, Chavarri & Co., Sucs., moción en su pleito pidiendo que puesto que iba a sacar a remate la finca de los demandados para cobrarse la sentencia que había obtenido, de conformidad con el artículo 71 de la Ley Hipotecaria, se notificase a Pablo Gutiérrez actualmente dueño de ésta que se va a proceder al anuncio de la venta de ella en subasta pública para que en el término de diez días pueda liberarla pagando las cantidades consignadas en la anotación de embargo del peticionario, apercibido de cancelarse su inscripción de dominio si no lo verifica.

Señalado día para oir a Pablo Gutiérrez sobre las razones que tuviera para que no se accediera a lo solicitado, compareció en ese pleito, se opuso a la moción y la corte resolvió desestimar la moción de Santisteban, Chavarri & Co., Sucs., sin especial condena de costas.

Esta resolución ha sido apelada por dichas dos partes, limitándola Gutiérrez a la parte que no le concedió las costas, desembolsos y honorarios de su abogado.

Aun cuando Santisteban, Chavarri & Co., Sucs., discuten en esta apelación defectos que, según ellos, existen en el diligenciamiento del embargo de Gutiérrez, como esta cuestión no fué planteada en la corte inferior por su moción, prescindiremos de ella porque no pueden variar en la apelación los términos del debate judicial, cambiando esencialmente los hechos determinantes de su petición e invocando ahora motivos que no invocaron en su moción (*Sucesores de Orcasitas* v. *Sucesores Orcasitas,* 21 D. P. R. 120).

La cuestión realmente suscitada por la moción de Santisteban, Chavarri & Co., Sucs., es si habiendo anotado su embargo en el registro con posterioridad al de Gutiérrez y a la sentencia de éste, tiene derecho de acuerdo con el artículo 71 de la Ley Hipotecaria a que el que adquirió la finca después de aquella anotación le pague las cantidades en ella mencionadas, so pena de que se cancele su inscripción de dominio.

El artículo en que se funda la moción en lo necesario, dice así:

"Artículo 71.—Los bienes inmuebles o derechos reales anotados podrán ser enajenados o gravados; pero sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación.

"Si los bienes inmuebles o derechos reales anotados preventivamente, a tenor del artículo 42, números 2º. y 3º., fuesen adjudicados al demandante en virtud de sentencia recaída en el pleito, o llegase el caso de anunciarlos en público, se notificará la adjudicación o el anuncio al que durante el litigio hubiese adquirido tales bienes o derechos.

"Dicha notificación deberá practicarse a instancia del actor, dictada que sea la sentencia firme de adjudicación o antes de verificarse el remate en el procedimiento de apremio, debiendo observarse lo que prescriben los artículos 260 al 269 de la Ley de Enjuiciamiento Civil vigente en las Antillas, 244 al 253 de la que rige en Filipinas.

"Hecha la notificación a que se refiere el párrafo anterior, podrá el notificado librar los bienes de que se trate, pagando la cantidad consignada en la anotación para principal y costas, sin que se entienda obligado a satisfacer por este último concepto mayor suma que la consignada en la anotación. Si no lo hiciere en el término de diez días se procederá a cancelar en el registro la inscripción de su dominio, así como cualquiera otra que se hubiere exten-

dido después de la anotación, a cuyo efecto, y a instancias del rematante o del adjudicatario, se despachará el oportuno mandamiento al registrador de la propiedad.''

*      *      *      *      *      *      *

Este artículo se refiere el caso en que anotado un embargo el dueño vendiese posteriormente la finca embargada. En los Comentarios que de él hacen los Sres. Galindo y Escosura, tomo segundo, página 652, edición tercera de 1899 se dice: ''Es consecuencia del carácter provisional dé las anotaciones, el que en general no impidan que la persona que ha inscrito a su favor el inmueble o derecho anotado pueda ejercer los actos de dominio que tenga por conveniente; si bien aunque esos actos se inscriban en el registro, no perjudicarán el derecho anotado.'' Su objeto es declarar que la anotación de uno o de varios embargos no priva al dueño de disponer de su derecho de propiedad o de gravarla, aunque el adquirente del dominio o del derecho real quedará sujeto a las consecuencias de una adquisición en tales condiciones, que son las mencionadas en tal artículo. Pero ese precepto no tiene aplicación a casos como el presente en que el anotante trata de recobrar del anterior las cantidades mencionadas en la anotación de su embargo, porque sería reconocerle una preferencia que la anotación por sí misma no le da. El acreedor que obtenga anotación a su favor, dice el artículo 44 de la Ley Hipotecaria, entre otros casos para asegurar la efectividad de la sentencia, será preferido en cuanto a los bienes anotados solamente, a los que tengan contra el mismo deudor otro crédito contraído con posterioridad a dicha anotación. Por tanto si Santisteban, Chavarri & Co., Sucs., a pesar de ser anotantes posteriores a Gutiérrez, han de tener preferencia a éste para cobrarse con la finca que ambos embargaron, es cuestión para ser resuelta discutiendo si el crédito del segundo anotante es preferente al del primero, cuestión que no surge de la petición que hizo dicha mercantil, basada únicamente en su anotación posterior, según los hechos que expuso y la cita legal que hizo del artículo 71 de la Ley Hipotecaria. Lo que en verdad pretende dicha apelante es, que en la forma en que

hizo la moción, se resuelva una cuestión de preferencia no planteada por la parte. Si el artículo 71 citado u otro precepto legal dijera que la anotante de un embargo tiene derecho a que los anotantes anteriores le paguen las cantidades consignadas en su anotación de embargo, so pena de perder la finca que adquirieron como consecuencia de su anotación y compra posterior para satisfacer el crédito anotado, entonces tendría razón el apelante a que venimos refiriéndonos y debería revocarse la resolución apelada. Si dicha mercantil cree que a pesar de haber anotado su embargo después de Gutiérrez tiene preferencia sobre éste para cobrarse con la finca embargada, tendrá que plantear claramente la cuestión en este terreno y no amparándose en el artículo 71 de la Ley Hipotecaria que no tiene aplicación a la que promovió por su moción.

En cuanto a la apelación de Pablo Gutiérrez, como la imposición del pago de las costas, desembolsos y honorarios de abogado es discrecional en la corte inferior y no se nos ha demostrado que abusara de su discreción, no alteraremos su resolución en este particular.

La resolución apelada debe ser confirmada en todas sus partes.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.