LUCE & Co., S. EN C., demandante apelante, *v.* ROSARIO CINTRÓN SÁNCHEZ, VIUDA DE CAPÓ, demandada apelada.

No. 5134.—*Sometido:* Enero 11, 1932.  *Resuelto:* Mayo 2, 1933.

*Tous Soto & Zapater,* abogados de la apelante; *José A. Poventud, F. Parra Capó, Eduardo Capó* y *Alberto S. Poventud,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La apelante insiste en que las cuestiones jurisdiccionales constituyen una excepción a la regla general relativa a la renuncia de objeciones a la adjudicación de costas no suscitadas en la apelación de la sentencia en que se hizo tal concesión; que en el presente caso la corte de distrito carecía de jurisdicción para conceder costas, al declarar sin lugar la moción solicitando un *injunction* preliminar, toda vez que la orden negando tal remedio fué una providencia interlocutoria; y que la imposición posterior de las costas fué nula *ab initio* por falta de jurisdicción para concederlas. Respecto a la supuesta falta de jurisdicción para conceder costas al negarse a expedir un *injunction* preliminar, la apelante cita los casos de *Compañía Azucarera del Toa* v. *Galán et al.,* 30 D.P.R. 204; Bancroft's Code Practice and Remedies, p. 2810, sección 2115; *Gage* v. *Atwater,* 136 Cal. 170; *Broone* v. *Broone,* 179 Cal. 638; *Hernández* v. *Blanco,* 17 D.P.R. 574; 7 Cal. Jur., sección 2, p. 254; *Estate of Ber-*

*thol,* 163 Cal. 343; *Estate of Yoell,* 160 Cal. 741; *Henry* v. *Superior Court,* 93 Cal. 569; *Begbie* v. *Begbie,* 128 Cal. 154; *Harrington* v. *Goldsmith,* 136 Cal. 168; 3 Bancroft's Code Practice and Remedies, p. 2799; sección 2104; 15 Cal. Jur., p. 105, sección 211; id., p. 2783, sec. 2088; *In re Johnson's Estate,* 198 Cal. 469; *Naylor* v. *Adams,* 15 Cal. App. 353; *Buxó* v. *Buxó,* 18, D.P.R. 190; *Blanco* v. *Hernández,* 18 D.P. R. 711; *Vivas* v. *Hernáiz, Targa & Co.,* 24 D.P.R. 836; *Hernández* v. *Benet,* 25 D.P.R. 66; *Santisteban et al.* v. *Sucn. Godoy et al.,* 25 D.P.R. 614; *Hawley* v. *Gray etc. Co.,* 127 Cal. 561; 14 Cal. Jur., p. 854, Sec. 3.

No trataremos de analizar todos estos casos, ni los citados en los textos.

En el de *Henry* v. *Superior Court,* supra, la Corte Suprema de California dijo:

"Aun si se admitiera que los honorarios de abogado por servicios prestados al albacea al someter el testamento a la aprobación de la corte pueden ser considerados como 'costas' dentro del significado del artículo 1720, no creemos que puedan ser concedidas excepto como un incidente a alguna sentencia u orden de la corte. El juez con jurisdicción en cuestiones de testamentaría está investido de discreción para ordenar que se paguen los costas 'por cualquier parte en los procedimientos, o del activo de la herencia, según exija la justicia del caso.' Esta discreción no puede ejercerse hasta que haya algo en qué basarla . . . Es imposible para la corte decir de las meras alegaciones hechas por una de las partes, y antes de que se presente prueba alguna, si se está actuando de buena fe o no, y si es justo y equitativo que se preste ayuda a esa parte al proseguir o defender su recurso. Todas las disposiciones del código relativas a asuntos de testamentaría indican que las cuestiones a investigar por la corte, en ejercicio de su discreción, son la buena fe y la causa probable. (Hicox v. Graham, 6 Cal. 169; Code Civil Procedure, secs. 1031, 1332, 1509.) Hasta tanto la corte haya oído la prueba de las partes, es imposible para ella determinar si ellas, o alguna de ellas tienen reclamaciones que son hechas de buena fe y que están basadas en buenas razones. Si al iniciarse las contiendas las cortes tienen facultad para hacer concesiones arbitrarias de la herencia a los peticionarios y litigantes, entonces los parientes desilusionados y los reclamantes que carezcan de justa causa, pueden privar a los beneficiarios bajo el tes-

tamento, mediante litigios prolongados y costosos, de los bienes dejádosle por el testador. A menos que la fraseología del estatuto imperativamente lo exija, no debe dársele tal interpretación."

Ese razonamiento tiene muy poca aplicación respecto a la facultad de una corte para conceder costas al negarse a expedir un injunction preliminar.

Los casos *Estate of Berthol,* supra; *Estate of Jones,* 166 Cal. 147, y *Estate of Johnson,* supra, se basan en el mismo principio. En estos casos, sin embargo, la teoría fué llevada al extremo de resolver que la corte de testamentarías no podía conceder costas en un caso en que se impugnaba un testamento hasta que el caso se hubiese resuelto definitivamente por la Corte Suprema en apelación. Es usto agregar que esto se hizo de conformidad con el artículo 1720 del Código de Enjuiciamiento Civil de California que dispone que:

"Cuando en este título no se prescriba lo contrario, la corte superior o el tribunal supremo, pueden, discrecionalmente, en apelación, ordenar que cualquiera de las partes en el procedimiento pague las costas, o del activo de la herencia, según lo exija la justicia del caso. La orden de ejecución para recobrar las costas puede ser librada por la corte superior."

Estos tres casos fueron resueltos mucho después que se adoptara el código de Idaho por la Legislatura de Puerto Rico, y más de diez años después que Idaho adoptó el código de California. Su valor como autoridades en esta jurisdicción depende enteramente del peso persuasivo de su razonamiento en tanto en cuanto el mismo sea aplicable por analogía a los hechos de determinado caso. De ser seguida la doctrina hasta una conclusión lógica en el presente caso, ello significaría que la corte de distrito no pudo haber concedido costas, aun al dictar sentencia en la acción principal, hasta que esa sentencia hubiese sido confirmada o recovada en apelación, o hasta que hubiese transcurrido el período para apelar sin que se hubiere apelado. La cuestión que ahora tenemos ante nos debe ser resuelta considerando las disposiciones pertinentes de nuestro propio Código de Enjuicia-

miento Civil, según rigen hoy, y no como fueron original-
mente redactadas en 1904.

Las secciones 22 y 23 del Código de Enjuiciamiento Civil
de California no fueron incluídas en el código de Idaho ni
en el nuestro. Solamente parte del código de Idaho fué adop-
tado por la Legislatura Insular. Difícilmente podría decirse
que la frase procedimiento especial doquiera se usa en el có-
digo de Enjuiciamiento Civil tal cual fué redactado en 1904,
necesariamente se refiere a un procedimiento independiente
original y no a un remedio provisional.

El artículo 327, conforme fué adoptado en 1904, otorgó a
las partes en ''pleitos o procedimientos'' (no necesariamente
procedimientos especiales) el derecho a las costas y desem-
bolsos provistos en artículos posteriores. De acuerdo con el
artículo 328 debían concederse las costas como cuestión de
derecho al demandante, al dictarse fallo en su favor en cier-
tos casos específicos. Un procedimiento especial fué uno de
los casos enumerados. El artículo 330 disponía la concesión
de costas como cuestión de derecho al demandado ''que ob-
tuviera fallo a su favor en los pleitos mencionados en el ar-
tículo 328 y en procedimientos especiales.'' Los artículos 328
y 330 fueron abrogados por legislación posterior. *J. Ochoa
y Hermano* v. *Herederos de Lanza,* 17 D.P.R. 730, y *Torres*
v. *Pérez Vilanova,* 18 D.P.R. 762. De conformidad con el ar-
tículo 331, tal cual fué adoptado en 1904, las costas podían
ser concedidas o no, y si se concedían podían distribuirse pro-
porcionalmente entre las partes, a discreción de la corte, ''en
los pleitos no mencionados en el artículo 328.''

Los artículos 328 y 330 trataban exclusivamente de casos
en que debían concederse las costas como cuestión de derecho.
La frase procedimiento especial, tal cual ha sido usada en
esos artículos, en tanto en cuanto puede ser considerada como
una limitación a la facultad de conceder costas, surtía efecto
solamente en aquellos casos en que la adjudicación de costas
se hacía como cuestión de derecho. Las costas como cuestión
de derecho están virtualmente fuera de uso en esta jurisdic-

ción y cualquier limitación a la facultad de la corte para conceder costas como cuestión de derecho debe considerarse como que ha desaparecido al eliminarse la práctica de conceder tales costas.

El artículo 327 fué enmendado en 1908 (Leyes de ese año, p. 50) para leer (en lo pertinente, bastardillas nuestras) del modo siguiente:

"Las partes en pleitos o *procedimientos* tendrán derecho a las costas y desembolsos que en ellos se les hayan irrogado, con sujeción a las reglas que más adelante se establecen . . . *Disponiéndose,* que nada de lo contenido en esta sección podrá entenderse en el sentido de permitir que los honorarios de abogado se incluyan en las costas impuestas contra un demandado que no hubiere comparecido en el pleito o *procedimiento,* y disponiéndose además, que los honorarios y costas serán concedidos discrecionalmente por el juez que entienda en el pleito o *procedimiento,* teniendo en cuenta el grado de culpabilidad, si la hubiere, de la parte condenada por la sentencia."

Interpretando este artículo, tal cual fué enmendado, este tribunal en *Torres* v. *Pérez Vilanova,* supra, se expresó así:

"Al decirse las partes en pleitos o procedimientos se quiso expresar todas las acciones o procedimientos, incluyendo los procedimientos especiales. El hecho de que se mencionen los procedimientos especiales en el artículo 328 que se aprobó primeramente, no establece diferencia alguna, porque el artículo 327 según fué aprobado originalmente, se refería a las acciones y procedimientos en general."

Según fué nuevamente enmendado en 1917 (Leyes de ese año, vol. I, p. 207), este artículo ahora lee (bastardillas nuestras):

"Las partes en acciones o *procedimientos,* incluyendo El Pueblo de Puerto Rico, tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben.

"En todos los casos en que se hayan concedido a una parte las costas en una acción o *procedimiento* en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose,* que nada de lo contenido en esta Sección, se entenderá que concede

honorarios de abogado para ser incluídos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o *procedimiento; Y disponiéndose, además,* que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o *procedimiento,* teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia.''

█ Una sentencia, tal cual la define el artículo 188 del Código de Enjuiciamiento Civil, es ''la decisión definitiva sobre los derechos de las partes en un pleito o *procedimiento.''* Una orden negando la expedición de un *injunction pendente lite* es, por supuesto, una providencia interlocutoria en la acción principal. No es una orden interlocutoria en el procedimiento de *injunction* preliminar. En lo que a ese procedimiento se refiere, por su naturaleza y esencia es una sentencia. Es ''la decisión definitiva sobre los derechos de las partes'' en ese procedimiento. Así lo reconoce en efecto el artículo 295 del Código de Enjuiciamiento Civil y lo coloca, para los fines de una apelación, en la misma categoría que ''una sentencia definitiva pronunciada en un pleito o procedimiento especial.''

█ El procedimiento a que se hace referencia en los artículos 188 y 327 incluye los procedimientos especiales definidos en los códigos de Nueva York, California, Montana y ciertos otros estados cuyas leyes están codificadas, y en decisiones como *State* v. *Court, etc.,* 28 Mont. 227, 72 Pac. 613. También incluye cualquier procedimiento incidental o colateral que culmina en sentencia definitiva o en una providencia de la cual se puede apelar. Véase el artículo 339, tal cual fué enmendado en 1917 (Leyes de ese año, pág. 228, tomo II). Véase también *Anderson* v. *Englehart,* 105 Pac. 571. Aquí asumimos que en todo procedimiento de esa índole la corte tiene ante sí una base satisfactoria para el ejercicio de una sana discreción al conceder las costas. De ordinario los hechos ante la corte en el momento de negarse a expedir un *injunction* preliminar sentarían tal base. Una cuestión similar en

otros procedimientos puede dejarse para ser considerada en casos futuros.

■ Podría ser que generalmente aun tratándose de una solicitud para que se expida un *injunction* preliminar, sería mejor práctica dejar en suspenso la cuestión de costas hasta la resolución final del asunto. Repetimos que ésa es cuestión que se suscita demasiado tarde al plantearse por primera vez en la apelación incoada contra una resolución aprobando un memorándum de costas. La concesión de costas en el presente caso no fué nula por falta de jurisdicción.

■ La apelante también reanuda su ataque contra la doctrina de *Brac* v. *Ojeda* (27 D.P.R. 658). La médula del argumento es que *Brac* v. *Ojeda* gira sobre la interpretación de la enmienda de 1908; que en éste y en casos posteriores esta corte no prestó la debida consideración al elemento de discreción introducido, o al que dió énfasis la enmienda de 1917; que esta discreción debe ser ejercida en el momento de concederse las costas y no luego; que de conformidad con la doctrina del caso de Brac "las costas como cuestión de derecho, sin que la corte tenga derecho a ejercer discreción alguna, incluyen más o menos los honorarios de abogado, cuya cuantía debe ser determinada en el procedimiento sobre la fijación de costas, de acuerdo con la discreción de la corte"; y que esta posición no está justificada por los términos del estatuto. Los letrados disienten de la opinión emitida en el caso de Brac "fundados en que la fraseología del estatuto deja a la discreción de la corte conceder o no costas, e incluir o no honorarios de abogado como parte de éstas."

La falacia de este argumento se halla en la interpretación injustificada que los abogados tratan de dar a la opinión emitida en el caso de Brac. Esa opinión debe ser interpretada en armonía con numerosas decisiones en que este tribunal ha resuelto uniformemente que las cortes de distrito en el momento de conceder las costas ejercen en verdad una sana discreción judicial no solamente en la concesión de costas como tales, sino al excluir de ellas o no los honorarios de

abogado, de acuerdo con las circunstancias del caso especí-
fico. Sobre este criterio no ha habido desacuerdo entre los
miembros de este tribunal. Con igual uniformidad la mayo-
ría de esta corte ha resuelto además que la corte de distrito
no agota su poder discrecional en el momento de incluir los
honorarios de abogado en la concesión de costas al no excluir
expresamente de ellas tales honorarios, sino que puede poste-
riormente ejercer discreción similar determinando la cuantía
de tales honorarios luego de haberse presentado un memo-
rándum de costas y de celebrarse una vista sobre el mismo.
Todo juez de distrito hoy en día entiende o debe entender
que si no excluye expresamente los honorarios de abogado de
las costas por él concedidas en una sentencia definitiva, se
entenderá que ha incluído honorarios de abogado en la con-
cesión de costas y que ha hecho esto en ejercicio de una sana
discreción judicial. En vista de esta manera general de en-
tender la cuestión proveniente de la práctica ya sentada y
establecida desde largo tiempo a este respecto, hasta ahora
hemos insistido en que la cuestión resuelta en el caso de *Brac*
v. *Ojeda* y en casos posteriores que se han pronunciado en el
mismo sentido no debe abrirse nuevamente a discusión. Aun
sustentamos el mismo criterio.

La apelante también insiste en que la Corte de Cir-
cuito de Apelaciones en el caso de *United Porto Rican Sugar
Co.* v. *Saldaña,* 41 F. (2d) 32, revocó la doctrina sentada
en *Brac* v. *Ojeda* y en casos posteriores en que esta corte ha
seguido el de Brac. Hemos dicho que la norma de conceder
costas como cuestión de derecho, está ahora prácticamente en
desuso en esta jurisdicción. La sección 5 de la ley que au-
toriza el procedimiento especial a que se hace referencia en
*United Porto Rican Sugar Co.* v. *Saldaña* establece una de
las raras excepciones a la regla general. La versión inglesa
de esa sección dice que: *"costs shall be taxed against the
party against whom judgment is rendered."* La fraseología
del texto español es: "se impondrán las costas a la parte
contra la cual se dictare sentencia." Las costas deben con-

cederse como cuestión de derecho a la parte victoriosa. En cuanto a esto la corte no tiene discreción. Sin embargo, al igual que en otros casos ésta ejerce su discreción en el momento de la concesión al determinar si los honorarios de abogado deben ser excluídos o no de las costas. *Hernández* v. *Sánchez,* 41 D.P.R. 72. En todos los casos resueltos por este tribunal que tienen alguna relación con el presente, la cuestión de costas ha sido considerada desde el punto de vista de los artículos 327 y siguientes del Código de Enjuiciamiento Civil.

No tenemos a la vista el alegato de la parte apelada en el caso de la United Porto Rican Sugar Co., ni los autos llevados en apelación ante la Corte de Circuito de Apelaciones. El alegato de la apelante en dicho caso no llamó la atención de la Corte de Circuito de Apelaciones hacia la discrepancia existente entre la versión española y la inglesa del artículo 5, supra, en relación con la cuestión que la Corte de Circuito de Apelaciones dijo no estaba ante ella. De conformidad con la fraseología del artículo 339 del Código de Enjuiciamiento Civil, según fué enmendado en 1917, (Leyes de ese año, tomo II, pág. 229), las costas no pueden tasarse hasta que haya vencido el término para apelar de la sentencia dictada en el caso en que se concedieren, y en caso de que se apelare de tal sentencia hasta que "se haya recibido en la corte sentenciadora en primera instancia, aviso oficial de la resolución dictada en apelación en última instancia." No podemos convenir con los letrados de la apelante en el presente recurso en que la opinión de la Corte de Circuito de Apelaciones exija que esta corte revoque ahora la regla establecida en *Brac* v. *Ojeda* y en los casos posteriores concomitantes con el mismo.

*Debe declararse sin lugar la moción de reconsideración.*
El Juez Asociado Señor Córdova Dávila no intervino.