VIVAS ET AL., DEMANDANTES Y APELANTES, *v.* HERNAIZ, TARGA & CO. ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en procedimiento sobre tercería de dominio.

No. 1505.—Resuelto en febrero 20, 1917.

ASIENTOS DE PRESENTACIÓN EN EL REGISTRO—EFECTOS LEGALES DE UNA ESCRITURA EN RELACIÓN A LOS MISMOS.—Cuando del escrito de exposición del caso no aparece la fecha del asiento de presentación en el registro de una escritura de venta de una finca a los efectos de determinar si en la que se practicó un embargo sobre la misma como de la propiedad de persona distinta del comprador ya había sido presentada, falta base para discutir los efectos legales de dicha escritura con relación a su presentación.

COSTAS Y DESEMBOLSOS—HONORARIOS DE ABOGADO—CULPABILIDAD DE LA PARTE CONDENADA POR LA SENTENCIA.—La culpabilidad a que se refiere el artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado por ley aprobada en 12 de marzo de 1908, significa la falta de razón en el demandante

para establecer y sostener su acción y en el demandado para sus defensas; doctrina que es la misma consignada en la ley 8ª., Título XXII, partida 3ª.

Tercería de Dominio—Costas y Desembolsos—Declaratoria en Tesorería a los Efectos de Contribución.—La declaratoria hecha en este caso por el demandado Roberto Vivas, en tesorería, de la propiedad de una finca para los efectos de la contribución, cuya finca es de igual cabida y radica en el mismo barrio que la que como suya reclama la demandante, sin que aparezca que sean distintas fincas, ni que la demandante haya hecho oposición alguna a aquella declaratoria, constituye razón derecha para que la otra demandada Hernaiz, Targa & Co. pudiera creer que la finca embargada era de la propiedad de Roberto Vivas y así influida se opusiera a la demanda de tercería, pudiendo contribuir a sostener tal creencia el hecho de haber estado dicho demandado en posesión de la finca de la demandante en concepto de arrendatario.

Id.—Desistimiento de Contrademanda—Costas y Desembolsos—Honorarios de Abogado—Mala Fe—Causa Probable.—El hecho de que un demandado en el acto del juicio desista de una contrademanda por no tener pruebas para sostenerla, no es razón bastante para que se le impongan las costas y honorarios que se causaron al demandante con motivo de ella, cuando no se ha demostrado que dicho demandado obrara de mala fe y sin causa probable, pues lo que debe tomarse en consideración para condenar en costas es la culpabilidad o temeridad de la parte vencida en el juicio y esa culpabilidad o temeridad ha de apreciarse por la totalidad del juicio y no por elementos parciales del mismo.

Costas y Desembolsos—Discreción Judicial—Abuso de Discreción.—La Corte Suprema no intervendrá en el uso de las facultades discrecionales de la corte inferior a menos que se demuestre que ha cometido abuso de dicha discreción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eduardo P. Gibson.*

Abogado de la apelada Hernaiz, Targa & Co.: *Alvarez Nava y Domínguez.*

El apelado Roberto Vivas no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En el presente caso la demandante María Rafaela Estela Vivas reclama como de su único y exclusivo dominio una finca rústica con cabida de 30½ cuerdas radicada en el barrio de Orocovis del término municipal de Barros, cuya finca fué embargada en pleito seguido por la sociedad demandada Hernaiz Targa & Co. contra el otro demandado Roberto Vivas, en cobro de dinero.

Alega la demandante que está en posesión como dueña en pleno dominio de la finca embargada, la cual está inscrita a

su favor en el registro de la propiedad de Caguas al folio 30 del tomo 20 de Barros, con el número 1188, inscripción 1ª., sin que en ella tenga derecho, interés o participación alguna el demandado Roberto Vivas, y solicitó que tal dominio se declarara por sentencia condenando al demandado que se opusiera a la demanda al pago de todas las costas, desembolsos y honorarios de su abogado.

Vivas contestó la demanda mostrando su conformidad con ella y la sociedad Hernaiz Targa & Co. negó los hechos esenciales de la misma, alegando que la finca de que se trata era y es de la exclusiva propiedad de Roberto Vivas.

Dicha sociedad formuló además contrademanda alegando en síntesis que el demandado Vivas después de embargada la finca, durante el año 1912, se puso de acuerdo con la demandante para defraudar los derechos de su acreedora y permitió que por la demandante se tramitase un expediente de dominio de dicha finca en el que falsamente se hizo constar que había sido adquirida con peculio propio cuando lo cierto era que la finca siempre fué y es de la propiedad de Roberto Vivas, habiéndose tramitado el expediente de dominio sin intervención del verdadero dueño y sido inscrito en el Registro de la Propiedad de Caguas al folio 30 del tomo 20 de Barros, finca 1188.

La contrademanda concluye con la súplica de que se declare nulo el expediente de dominio y nula la inscripción a que dió lugar, cancelándose la inscripción y verificándose ésta a nombre de Roberto Vivas, con costas, desembolsos y honorarios de abogado a la parte contraria.

La demandante María Rafaela Estela Vivas presentó moción para que fuera eliminada del récord la contrademanda de Hernaiz Targa & Co., con el juramento, y la corte denegó dicha moción por orden de 12 de noviembre de 1913.

También opuso la demandante a la contrademanda como excepción previa la de que no aducía hechos suficientes para una buena causa de acción y tal excepción fué desestimada por orden de 6 de noviembre de 1915.

La demandante formuló luego contestación a la contra-demanda, negando los hechos fundamentales de ella y alegando en contrario que adquirió la finca de que se trata por compra a Rodrigo Godoy mediante escritura otorgada ante el notario de Coamo Don Manuel A. Rivera en 30 de octubre de 1907, cuya finca al comprarla fué segregada de otra mayor inscrita al folio 100 del tomo 5.° de Barros, finca 234, sin que tuviera necesidad de tramitar ningún expediente de dominio.

Al celebrarse el juicio en 4 de febrero de 1916 y al comenzar éste la sociedad de Hernaiz Targa & Co. presentó moción a la corte en que solicitó permiso para desistir de la contra-demanda por carecer de pruebas para sostenerla, y la corte la tuvo por desistida a su perjuicio.

Aportadas pruebas por ambas partes, la corte pronunció sentencia en 7 de febrero de 1916, declarando con lugar la demanda sin especial condenación de costas, y de ese pronunciamiento relativo a costas interpuso la parte demandante recurso de apelación para ante esta Corte Suprema.

Para sostener dicho pronunciamiento estableció la corte inferior en su opinión haberse probado satisfactoriamente que si bien la demandante María Rafaela Estela Vivas adquirió la finca en cuestión por escritura pública No. 146 otorgada por don Rodrigo Godoy y Moya a su favor y ante el notario Manuel A. Rivera en 30 de octubre de 1907, dicha finca se vino a inscribir en el registro de la propiedad el 30 de septiembre de 1912, es decir, después de embargada por Hernaiz Targa & Co., cuyo embargo se llevó a cabo en 25 de septiembre de 1912 a las dos de la tarde. Y que también aparece probado, según la certificación del Tesorero de Puerto Rico admitida en evidencia que en el año económico 1912 a 1913 Roberto Vivas declaró poseer en el mismo barrio de Orocovis, de Barros, P. R., una finca rústica de 30 cuerdas de terreno a los efectos del pago de contribuciones.

En mérito de esos hechos, dicha corte llegó a la conclusión de que la demandada Hernaiz Targa & Co., al instar el embargo de la finca de que se trata, obró de buena fe y con causa

probable toda vez que tuvo motivos fundados por la propia declaración del demandado Roberto Vivas, para creer que la finca embargada era de él y no de otra persona.

Alega la parte apelante como motivos del recurso los siguientes:

1.º Error de derecho al no imponer costas y honorarios de abogado por la contrademanda, habiéndose tenido por desistida de ella a Hernaiz Targa & Co. a su perjuicio.

2.º Error en la interpretación de la evidencia al declarar que Hernaiz Targa & Co. obraron de buena fe y con causa probable.

3.º Abuso de discreción de la corte al dictar la sentencia sin especial condenación de costas.

El artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado por una ley aprobada en 12 de marzo de 1908 dispone entre otras cosas "que los honorarios y costas serán concedidos discrecionalmente por el juez que entienda en el pleito o procedimiento, teniendo en cuenta el grado de culpabilidad si la hubiere de la parte condenada por la senténcia." La parte condenada por la sentencia es la vencida en el juicio.

Al resolver el caso de *Martínez* v. *Padilla,* 19 D. P. R. 582, dijimos que la culpabilidad a que se refiere la ley significa la falta de razón en el demandante para establecer y sostener su acción y en el demandado para sus defensas. Esa doctrina es la misma consignada en la Ley 8.ª, Título XXII, Partida 3.ª: "Los que facen demandas o se defienden contra otri non habiendo derecha razón por que lo deban facer, non tan solamente debe el judgador dar por vencido en su juicio de la demanda al que lo ficiere, más aún lo debe condenar en las costas que fizo la otra parte por razón del pleito. Empero si el Juez entendiese quel vencido se moviera por alguna razón derecha para demandar o defender su pleito, non ha por que le mandar que peche las costas."

Los Sres. Manresa y Reus, ilustrados comentaristas de la Ley de Enjuiciamiento Civil española, se expresan en los siguientes términos sobre el particular:

"Con arreglo a la ley de Partida citada, el que demanda o se defiende sin *derecha razón*, debe declarársele vencido y condenarlo en las costas; es decir, que por regla general todo el que no prueba su acción o excepción, y por esta causa sucumbe en el pleito debe ser condenado en las costas causadas al vencedor, si aparece que ha litigado de mala fe o sin *derecha razón;* mas cuando esta mala fe no aparece, cuando no puede decirse que es un litigante temerario, puesto que el juez entendiese 'quel vencido se moviera por alguna razón derecha, non ha por que le mandar que peche la costas.' "

El resultado de las pruebas practicadas en el juicio no demuestra que la Corte de Distrito de Ponce cometiera abuso de discreción dejando de condenar al demandado en las costas y honorarios del abogado de la demandante.

La apreciación de pruebas hecha por la corte inferior no ha sido impugnada por la parte apelante, pero ésta impugna la conclusión de que la sociedad Hernaiz Targa & Co. obrara de buena fe, con causa probable o motivos fundados al instar el embargo, y al efecto alega que a la fecha del embargo ya la escritura de 30 de octubre de 1907 había sido presentada al registro para su inscripción y anotada en el diario, de lo cual pudo enterarse la sociedad demandada si hubiera querido saberlo; que la certificación del Tesorero relativa a haber declarado Roberto Vivas como de su propiedad una finca de 30 cuerdas en el barrio Orocovis de Barros a nada conduce, por no aparecer que esa finca fuera la misma de la propiedad de la demandante, y lejos de ello la misma demandante presentó como prueba un recibo número 120 expedido por el colector de Barros en 27 de noviembre de 1915, sobre una finca rústica de 30 cuerdas radicada en el barrio de Orocovis, de Barros, estando por consiguiente amillarada la finca de que se trata a nombre de la demandante; que el Márshal Francisco Carreras que practicó el embargo declara haber hecho presente al Sr. Aguirre, apoderado de la casa Hernaiz Targa & Co., que la finca que trataba de embargar no era de la propiedad de Roberto Vivas sino de la demandante, y no obstante tal advertencia insistió en que practicara el embargo porque a ese fin había prestado una fianza, y que la misma demandante

declara haber sabido por el propio abogado de Hernaiz Targa & Co., don Jorge V. Domínguez, que se le había embargado la finca.

Del escrito de exposición del caso no aparece la fecha del asiento de presentación en el registro de la escritura de 30 de octubre de 1907, y por tanto nos falta base para discutir sus efectos legales con relación al punto que se debate.

La declaratoria hecha por Roberto Vivas en Tesorería, de la propiedad de una finca de 30 cuerdas en el barrio de Orocovis de la jurisdicción de Barros, para los efectos de la contribución de 1911 a 1912, cuya finca es de igual cabida y radica en el mismo barrio que la que como suya reclama la demandante, sin que aparezca que sean distintas fincas, ni que la demandante haya hecho oposición alguna a aquella declaratoria, constituye razón derecha para que la sociedad Hernaiz Targa & Co. pudiera creer que la finca embargada era de la propiedad de Roberto Vivas, y así influída, se opusiera a la demanda de tercería, pudiendo contribuir a sostener tal creencia el hecho afirmado por Roberto Vivas en su declaración de haber estado en posesión de la finca de la demandante, aunque en concepto de arrendatario, de cuyo concepto no consta que tuviera conocimiento la sociedad demandada. El recibo expedido por el colector de Barros, que el apelante invoca como prueba para demostrar que la finca estaba amillarada a nombre de la demandante lleva fecha 27 de noviembre de 1915, cuando ya dicha finca había sido embargada, pues el embargo se practicó en 25 de septiembre de 1912.

La advertencia hecha por el Márshal Carreras al apoderado de Hernaiz Targa & Co. en el momento de practicarse el embargo de la finca, sobre pertenecer ésta a la demandante y nó a Roberto Vivas, no es de mayor influencia en pro de la contención de la apelante, dadas las demás circunstancias del caso que dejamos expuestas.

Hemos examinado la declaración de la demandante y no encontramos que ésta haya afirmado que el abogado de Her-

naiz Targa & Co., don Jorge V. Domínguez, le expresara que la finca embargada fuera realmente suya.

. Y nada importa en favor del apelante que la sociedad demandada desistiera de la contrademanda. Tal desistimiento no es razón bastante para que se le impongan las costas y honorarios que se causaron al demandante con motivo de la contrademanda.

Lo que debe tomarse en consideración para condenar en costas es la culpabilidad o temeridad de la parte vencida en el juicio y esa culpabilidad o temeridad ha de apreciarse por la totalidad del juicio y no por elementos parciales del mismo.

Hemos resuelto frecuentemente que esta corte no intervendrá en el uso de las facultades discrecionales de las cortes inferiores a menos que se demuestre que se ha cometido abuso de discreción. *Blanco* v. *Hernández et al,* 18 D. P. R. 711. *Cautiño et al* v. *Muñoz et al,* 18 D. P. R. 881; *Henna et al* v. *Saurí & Subirá,* 22 D. P. R. 836. Ese abuso no se ha demostrado en el presente caso.

Es de confirmarse la sentencia de la Corte de Distrito de Ponce en la parte que ha sido apelada.

*Confirmada la .sentencia en la parte apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.